1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
11   ZARLASHT K. GUL,                )   Case No. SACV 09-97 JC
                                     )
12              Plaintiff,           )
                                     )   MEMORANDUM OPINION
13         v.                        )
                                     )
14                                   )
     MICHAEL J. ASTRUE,              )
15   Commissioner of Social         )
     Security,                       )
16                                   )
                Defendant.           )
17   _____)
18
19   **I.     SUMMARY**
20         On January 8, 2009,  plaintiff Zarlasht K. Gul ("plaintiff") filed a Complaint
21   seeking review of the Commissioner of Social Security's denial of plaintiff's
22   application for benefits.  The parties have filed a consent to proceed before a
23   United States Magistrate Judge.
24         This matter is before the Court on the parties' cross motions for summary
25   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
26   Court has taken both motions under submission without oral argument.  See Fed.
27   R. Civ. P. 78; L.R. 7-15; January 13, 2009 Case Management Order ¶ 5.
28

                                         1

1   Based on the record as a whole and the applicable law, the decision of the
2   Commissioner is AFFIRMED.   The material findings of the Administrative Law
3   Judge ("ALJ") regarding plaintiff's credibility are supported by substantial
4   evidence and are free from material error.[1]

5   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
6         **DECISION**

7   On August 10, 2005, plaintiff filed an application for Supplemental Security
8   Income benefits.  (Administrative Record ("AR") 186, 194).  Plaintiff asserted that
9   she became disabled on January 1, 2001, due to a neck injury, a back problem and
10  shoulder pain.  (AR 240).  The ALJ examined the medical record and heard
11  testimony from plaintiff (who was represented by counsel and assisted by an
12  interpreter) and a vocational expert on January 10, 2007.  (AR 388-99).

13  On February 22, 2007, the ALJ determined that plaintiff was not disabled
14  through the date of the decision.  (AR 186-92).  Specifically, the ALJ found:
15  (1) plaintiff suffered from the following severe impairments:  lumbar disc disease
16  and chronic pain syndrome (AR 188, 191); (2) plaintiff's impairments, considered
17  singly or in combination, did not meet or medically equal one of the listed
18  impairments (AR 188, 191); (3) plaintiff could perform a significant range of
19  sedentary and light work  (AR 192);[2] (4) plaintiff has no past relevant work  (AR
20  191); and (5) there are a significant number of jobs in the national economy that

21
22
23  [1]The harmless error rule applies to the review of administrative decisions regarding
    disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196
24  (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
    Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
25  application of harmless error standard in social security cases).

26  [2]The ALJ determined that plaintiff:  (i) could lift and/or carry less than 10 pounds
27  frequently and 10 pounds occasionally; (ii) could sit for 6 hours total in an 8-hour workday;
    (iii) could stand and/or walk for 4 hours total in an 8-hour workday; and (iv) could occasionally
28  balance, kneel, climb, crawl, crouch and stoop.  (AR 191).

1  plaintiff could perform (AR 192); and (6) plaintiff's allegations regarding her
2  limitations were not totally credible.   (AR 191).

3      Plaintiff thereafter appealed to the Appeals Council and submitted
4  additional evidence.  (AR 8-179).  The Appeals Council denied plaintiff's
5  application for review.  (AR 4-7).

6  **III.   APPLICABLE LEGAL STANDARDS**

7      **A.   Sequential Evaluation Process**

8      To qualify for disability benefits, a claimant must show that she is unable to
9  engage in any substantial gainful activity by reason of a medically determinable
10 physical or mental impairment which can be expected to result in death or which
11 has lasted or can be expected to last for a continuous period of at least twelve
12 months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.
13 § 423(d)(1)(A)).  The impairment must render the claimant incapable of
14 performing the work she previously performed and incapable of performing any
15 other substantial gainful employment that exists in the national economy.  Tackett
16 v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

17      In assessing whether a claimant is disabled, an ALJ is to follow a five-step
18 sequential evaluation process:

19      (1)   Is the claimant presently engaged in substantial gainful activity?  If
20          so, the claimant is not disabled.  If not, proceed to step two.

21      (2)   Is the claimant's alleged impairment sufficiently severe to limit
22          her ability to work?  If not, the claimant is not disabled.  If so,
23          proceed to step three.

24      (3)   Does the claimant's impairment, or combination of
25          impairments, meet or equal an impairment listed in 20 C.F.R.
26          Part 404, Subpart P, Appendix 1?  If so, the claimant is
27          disabled.  If not, proceed to step four.

28 ///

3

(4)     Does the claimant possess the residual functional capacity to perform her past relevant work?[3]  If so, the claimant is not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must

---

[3]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. § 416.945(a).

4

1   "'consider the record as a whole, weighing both evidence that supports and

2   evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

3   Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

4   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

5   or reversing the ALJ's conclusion, a court may not substitute its judgment for that

6   of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

7   **IV.   DISCUSSION**

8        Plaintiff asserts that a reversal or remand is appropriate because the ALJ

9   materially erred in assessing her credibility.  This Court disagrees.

10      **A.   Pertinent Facts**

11         **1.   Plaintiff's Statements/Testimony**

12        In an August 29, 2005 pain questionnaire, plaintiff stated:   Beginning in

13   2001, she began to feel pain from her neck all the way to her lower back.  (AR

14   256).  Her pain was constant, but was more severe in the morning, and spread from

15   her upper neck to her shoulders and lower back.  (AR 256).  The pain was brought

16   on by activity, such as doing the same thing, picking up her son, standing or sitting

17   for a long time, and cleaning the house.  (AR 256).  Medication – tylenol,

18   salsalate, and ibuprofin – which she has taken three times a day since 2001, helps

19   a little and relieves the pain in about thirty minutes.  (AR 256).  The medication

20   causes constipation, loss of appetite, and sleepiness.  (AR 257).  Rest relieves the

21   pain in thirty minutes.  (AR 256).   Acupuncture also relieves the pain.  (AR 257).

22   Prior to suffering from the pain, she could do the following activities that she

23   could no longer do:  walking, shopping, sitting, standing, and household chores

24   for more than one or two hours a day.  (AR 257).  As of the date she completed the

25   questionnaire, her usual daily activities consisted of: walking for 5 to 10 minutes,

26   cooking for her kids, and doing basic household chores to the extent of her ability.

27   (AR 257).  She stops an activity due to pain every five to ten minutes.  (AR 258).

28   She needs assistance to take care of her little children.  (AR 258).  She is able to

1   walk and stand 5 to 10 minutes at a time, and is able to sit 10 to 15 minutes at a

2   time. (AR 258). She needs the assistance of her daughter and husband with

3   chores. (AR 258).

4           At the January 10, 2007 administrative hearing, in response to the ALJ's

5   inquiry as to why it was that she has not worked or was not then working, plaintiff

6   responded: "I stay at home. I take care of my children, and I work inside, in the

7   house." (AR 392). She further testified to the following: "[N]owadays at the

8   present" she could not work too much – her children helped her. (AR 392).

9   "[O]therwise," she would sew and do home chores. (AR 392). Her children

10  would help her with that. (AR 392). She could not work on her own due to the

11  neck and back pain. (AR 392). When she would get up in the morning her neck,

12  shoulder, both arms and back would hurt. (AR 392). She would have neck pain

13  the whole day – not a dull pain, not an excruciating pain, but a constant pain all of

14  the time. (AR 393). Medications would help her for a little while, but after that,

15  the pain would start again. (AR 393). Although the pain was constant, it hurt

16  more if she picked up something from the floor, tried to pull something from the

17  shelf, or sat too long. (AR 393). She would get a little bit of relief when she went

18  to the doctor and to gymnastics, when she sat on the couch and put her head back,

19  and when she took pain medication, which also helped her. (AR 393). She had

20  constant moderate lower back pain. (AR 394). The back pain would get

21  aggravated when she stood for too long, sat for too long, or was working and

22  moving all the time. (AR 394). She could not pick up her two year old child.

23  (AR 394). She has pain in both of her shoulders and arms. (AR 394). When she

24  gets up in the morning such pain is constant. (AR 394-95). Gymnastics helps a

25  lot. (AR 395). Pain medication also helps but when the pain medication wears off

26  in the evenings, the pain returns. (AR 395). She could stand for no more than 10

27  to 15 minutes without having to change positions due to pain. (AR 395). A gallon

28  ///

1  of water or milk was too much for her to lift without pain.  (AR 395).  She lies
2  down during the day due to pain.  (AR 395).

3         **2.  Pertinent Medical Evidence**

4       Beginning in at least June 2004, plaintiff was treated by Dr. Josephine Choa
5  at the Universal Care Medical Group for complaints of pain in her neck and back.
6  (AR 284, 291, 326).  Dr. Choa prescribed medication and physical therapy.  (AR
7  284, 326).

8       On May 24, 2005, x-rays of cervical, thoracic and lumbar spines were all
9  normal.  (AR 382).

10       In July 2005, plaintiff complained of upper and midback pain that she had
11  suffered for two years, was diagnosed with myofascial pain and hypothyroidism,
12  and was prescribed medication and additional physical therapy.  (AR 284).

13       On August 29, 2005, chiropractor Gerald Weeks, who began treating
14  plaintiff in approximately October 2003, prepared a muculoskeletal report and
15  medical source statement which reflect the following:  Plaintiff's cervical and
16  lumbar spines had normal flexion, extension and rotation.  (AR 276).  Plaintiff
17  suffered from daily tenderness in her cervical, thoracic, and lumbar joints and
18  paravertebral muscle spasms.  (AR 276).  Plaintiff had subluxations, primarily in
19  the lumbar spine.  (AR 277).  Plaintiff could walk one block/30 minutes without
20  an assistive device and did not need an assistive device for balance or to walk on
21  even or uneven terrain.  (AR 277).  She had no limitations in reaching, handling,
22  fingering, or feeling.  (AR 277, 280).  Plaintiff's relief from treatment was
23  temporary, and her prognosis was poor for a full pain free recovery.  (AR 278,
24  280).  Plaintiff could occasionally lift 20 pounds and frequently lift less than 10
25  pounds.  (AR 279).  She could stand and/or walk at least 2 hours in an 8 hour
26  workday with normal breaks.  (AR 279).  Plaintiff could sit for 3 hours in an 8
27  hour workday and needed a break after sitting for 30 minutes.  (AR 279).  She
28  ///

1  could never climb, stoop, crouch or crawl, but could occasionally balance and
2  kneel.  (AR 280).
3       In January 2006, Dr. Choa diagnosed plaintiff with neck and upper back
4  pain and muscle spasms.  (AR 345).  She opined that plaintiff had the ability to
5  independently initiate/sustain/complete daily activities, sufficient lower extremity
6  functioning to permit independent ambulation without the use of any assistive
7  device, and effective usage of her upper extremities for reaching, grasping and
8  fingering.  (AR 345).  However, Dr. Choa noted that plaintiff would suffer neck
9  and back pain in reaching, handling or fingering and may be limited in her ability
10  to push and pull due to her neck/back pain and muscle spasms.  (AR 345, 347).
11  She indicated that plaintiff's sensation was grossly intact.  (AR 346).  She was
12  unable to detect any abnormality in plaintiff's range of motion in all joints, and
13  noted no swelling, warmth, redness, or tenderness in plaintiff's joints.  (AR 346).
14  She reported that plaintiff had been referred to chiropractic care but that,
15  according to plaintiff, such care did not relieve her symptoms much.  (AR 348).  In
16  terms of a prognosis, Dr. Choa noted that plaintiff had not improved much with
17  treatment.  (AR 348).  She also noted, however, that plaintiff would come to her
18  office alone and did not require assistance.  (AR 349).
19       On February 25, 2006, plaintiff had MRIs on her cervical and lumbar
20  spines.  (AR 350-51, 378-79).  The MRI of the cervical spine showed a mild
21  reversal of the normal cervical lordosis and was otherwise unremarkable.  (AR
22  378-79).  The MRI of the lumbar spine showed a 3 mm central disc protrusion at
23  L5-S1 with an annular tear, causing mild narrowing of the spinal canal and a mild
24  facet arthropathy at L5-S1, but was otherwise unremarkable.  (AR 350-51, 376-
25  77).  Treatment notes dated November 9, 2006, reflect that the results of the
26  cervical and lumbar spine MRIs were "not significant."  (AR 355).
27       March 2006 treatment notes from Dr. Choa reflect that plaintiff suffered
28  from neck and back muscle spasms and chronic neck and back pain.  (AR 362).

8

1    June 2006 treatment notes from Dr. Choa's office reflect that plaintiff was

2    English speaking and had chronic neck and back pain requiring more physical

3    therapy.  (AR 359).

4    On November 9, 2006, plaintiff again complained of pain in her back, was

5    diagnosed with neck pain and hypothyroidism, and was treated with medications.

6    (AR 355).[4]

7                    **3.    ALJ's Credibility Assessment**

8    After summarizing the medical evidence in the record, the ALJ determined

9    that plaintiff suffers from a medically determined impairment which could be

10   expected to produce some pain.  (AR 189).  He noted that because plaintiff's

11   allegations of disability due to pain were based primarily on plaintiff's subjective

12   symptoms, her credibility was a major factor.  (AR 189).  The ALJ found that

13   plaintiff's testimony and evidence, although appearing sincere, were not fully

14   credible regarding the extent, intensity, and duration of the alleged subjective pain

15   and functional limitations and restrictions "for the reasons stated above."  (AR

16   189).

17   In making the last above-noted statement, it appears that the ALJ was

18   referring to the four preceding paragraphs.  In such paragraphs, the ALJ noted the

19   following:  (1) at the hearing, plaintiff's thoughts did not seem to wander and all

20   questions were answered alertly and appropriately; (2) although plaintiff testified

21   that she has pain in her neck, arms, shoulder and low back, and takes medications

22   which "help for a little while," there was "no credible evidence that the regular

23   usage of those medications to alleviate pain would significantly impair [plaintiff's]

24

---

25          [4]Additional medical records from Dr. Choa through February 13, 2007, were submitted to
26   the Appeals Council after the ALJ issued his decision. (AR 19-178).  Such records, which were
     somewhat duplicative of the records which were already in the record, reflect, among other
27   things, that plaintiff has chronic back pain/chronic lower back pain/chronic neck pain,
     complained of neck, back and shoulder pain, and required physical therapy and medication for
28   such pain.  (AR 20, 24, 26, 29, 31, 33, 36, 44, 50, 61, 62, 157, 158).

1   ability to do basic work activities" and "no evidence in the medical record of any

2   significant side effects; (3) in an August 29, 2005 pain questionnaire, plaintiff

3   noted only minor side effects from her medications, and indicated that her

4   medication usually relieved her pain after 30 minutes; (4) plaintiff's statements

5   and conduct reflect that she is able to read, write and understand English and to

6   communicate with her doctors/their staff without an interpreter (conduct which the

7   ALJ presumably found to be inconsistent with plaintiff's use of an interpreter at

8   the administrative hearing); (5) although plaintiff indicated that she was able to

9   perform only very limited daily activities, the great weight of the evidence showed

10  that she was at least capable of performing activities including basic household

11  chores, cooking and caring for her children, and that plaintiff had not performed

12  any substantial gainful activity because she worked in the house and took care of

13  her children (rather, presumably, than because she was unable to do so).  (AR

14  189).

15        **B.    Pertinent Law**

16        An ALJ is not required to believe every allegation of disabling pain or other

17  non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

18  (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

19  the existence of a medically determinable impairment that could reasonably give

20  rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as

21  to the credibility of the claimant's statements about the symptoms and their

22  functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the

23  record includes objective medical evidence that the claimant suffers from an

24  impairment that could reasonably produce the symptoms of which the claimant

25  complains, an adverse credibility finding must be based on clear and convincing

26  reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d

27  1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does

28  not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's

credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

Where some reasons supporting an ALJ's credibility analysis are found invalid, the error is harmless if the remaining reasons provide substantial evidence to support the ALJ's credibility conclusions and the error does not negate the validity of the ALJ's ultimate credibility conclusion. See Carmickle, 533 F.3d at 1162 (citing Batson, 359 F.3d at 1195) (citation and internal quotation marks omitted).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

## C.   Analysis

Plaintiff asserts that the ALJ failed properly to assess plaintiff's credibility and that a reversal or remand is appropriate on such basis. While one or two of the

1 reasons cited by the ALJ do not appear to support the rejection of plaintiff's

2 complaints of pain, a remand or reversal is not appropriate because other reasons

3 noted by the ALJ are clear and convincing and are supported by substantial

4 evidence and any error does not negate the validity of the ALJ's ultimate

5 credibility conclusion in this case. The Court addresses the ALJ's reasoning

6 below.

7 First, it is unclear to the Court how the fact that plaintiff's thoughts did not

8 seem to wander and all questions were answered alertly and appropriately at the

9 hearing is a basis upon which to discount plaintiff's subjective pain complaints.

10 Plaintiff asserted that she was physically unable to work due to her pain – not that

11 the pain prevented her from thinking clearly or otherwise impacted her mental

12 abilities. This Court is not persuaded that this first reason articulated by the ALJ

13 constitutes a clear and convincing reason to discount plaintiff's subjective pain

14 complaints.

15 Second, contrary to plaintiff's current assertion, substantial evidence in the

16 record does support the ALJ's determination that plaintiff's medications relieve

17 her pain within 30 minutes. (Plaintiff's Motion at 6). In so stating, the ALJ

18 referred to plaintiff's representation in an August 29, 2005 pain questionnaire.

19 (AR 189). In such questionnaire, plaintiff stated that medication usually relieved

20 her pain in thirty minutes. (AR 256). The ALJ also accurately noted that plaintiff

21 testified that medications would help her for a little while. (AR 189, 393, 395).

22 When viewed in the context of Dr. Choa's opinion that plaintiff had the ability to

23 independently initiate/sustain/complete daily activities, sufficient lower extremity

24 functioning to permit independent ambulation without the use of any assistive

25 device, and effective usage of her upper extremities for reaching, grasping and

26 fingering (AR 345), this Court finds no error in the ALJ's conclusion that

27 plaintiff's complaints should be discounted to the extent they suggested that she

28 was unable to do basic work activities while on pain medication. While plaintiff

12

1  may constantly be in pain, it was not error for the ALJ to conclude, contrary to

2  plaintiff's subjective complaints, that she could nonetheless work while on pain

3  medication.

4        Third, the Court is not persuaded that plaintiff's statements and conduct

5  reflecting an ability to read, write, understand and communicate in English is

6  inconsistent with the fact that she utilized an interpreter during the administrative

7  hearing or that such asserted inconsistency constitutes a clear and convincing

8  reason to discount her subjective pain complaints.  As plaintiff suggests, the fact

9  that someone who is capable of communicating in English, but whose first

10  language is not English, desires an interpreter at a formal hearing where she is

11  being called upon to testify under oath, is not indicative of dishonesty.  The record

12  does not reflect that plaintiff tried to persuade the ALJ that she was unable to work

13  based upon difficulties with the English language.

14        Finally, substantial evidence in the record supports the ALJ's determination

15  that although plaintiff indicated that she was able to perform only very limited

16  daily activities, the weight of the evidence showed that she was at least capable of

17  performing activities including basic household chores, cooking and caring for her

18  children, and that plaintiff had not performed any substantial gainful activity

19  because she worked in the house and took care of her children rather, than because

20  she was unable to do so.  As noted above, plaintiff testified, in response to the

21  ALJ's question about why she did not work, that she stayed at home, took care of

22  her children and worked inside the house.  (AR 392).  Although plaintiff then

23  equivocated about the amount and degree of work she could do without assistance

24  in light of her pain, it was reasonable for the ALJ to infer that plaintiff meant what

25  she originally said, particularly in light of the opinion of plaintiff's primary

26  treating physician, Dr. Choa, that plaintiff had the ability to independently

27  initiate/sustain/complete daily activities, sufficient lower extremity functioning to

28  permit independent ambulation without the use of any assistive device, and

13

effective usage of her upper extremities for reaching, grasping and fingering (AR 345). As Dr. Choa also noted, plaintiff was able to come to Dr. Choa's office alone and did not require assistance. (AR 349). As substantial evidence supports the ALJ's conclusion that plaintiff's activities were inconsistent with her position that she could not work due to her pain, such inconsistency is a clear and convincing reason to discount plaintiff's complaints regarding her inability to work due to her pain.

As noted above, although the Court is not persuaded the two of the bases upon which the ALJ discredited plaintiff's pain testimony were appropriate, the other two reasons cited by the ALJ are clear and convincing and are supported by substantial evidence. The Court further concludes that any error by the ALJ in discounting plaintiff's credibility on the first and third bases noted above does not negate the validity of the ALJ's ultimate credibility conclusion in this case. Accordingly, a reversal or remand is not warranted.

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   December 28, 2009

_____
                           /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

14